IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA L.P., | No. C -13-02750 EDL |
| Plaintiff, | **REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND AND TO DENY PLAINTIFF'S REQUEST FOR FEES AND COSTS** |
| v. | |
| STEVE TAYLOR, et al., | |
| Defendants. | |

Defendants removed this unlawful detainer case on June 14, 2013. Subsequently, the Court reviewed this case and determined that it lacked subject matter jurisdiction. Meanwhile, Plaintiff filed a motion to remand the case to San Joaquin County Superior Court following Defendants' improper removal. Because the Court had already decided that it lacked subject matter jurisdiction, the Court issues this Report and Recommendation prior to receiving any further briefing on the motion to remand. All parties have not consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), so the Court will reassign this matter to a district court judge. The Court recommends granting the motion to remand because subject matter jurisdiction is lacking, and denying Plaintiff's request for fees and costs.

**Background**

Plaintiff THR California L.P. ("THR") is the owner of residential real property located at 2217 South Mills Avenue in Lodi, CA. Clements Decl. ¶ 2. On March 21, 2013, Plaintiff filed an unlawful detainer action against Defendants Steve and Maria Taylor based on their failure to pay rent pursuant to a lease that Defendants produced following Plaintiff's acquisition of the property pursuant to non-judicial foreclosure proceedings. Id. Plaintiff subsequently served a Notice to Pay Rent or Quit. Id. On June 14, 2013, Defendants removed the action. Id. ¶ 3.

**Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

**Discussion**

**A.      No Federal Question Jurisdiction**

Defendants based removal on federal question jurisdiction, stating that Plaintiff has violated federal law by failing to provide Defendants with a ninety-day Notice to Quit as required by the Protecting Tenants at Foreclosure Act, Pub.L. No. 111–22, § 701–04, 123 Stat. 1632, 1660–62 (2009). See Notice of Removal at 2. Plaintiff points out that this case was not removable on this basis because the complaint alleges a single, state law unlawful detainer claim.

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The

2

well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. Id. Further, whether a case arises under federal law does not depend upon matters raised in the answer. Holmes, 535 U.S. at 830-31 (". . . whether a case arises under federal patent law 'cannot depend upon the answer.' Moreover, we have declined to adopt proposals that 'the answer as well as the complaint ... be consulted before a determination [is] made whether the case "ar[ises] under" federal law ... .'") (internal citations omitted); Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'").

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. Although Defendants have alleged a violation of federal law in their answer in state court, the answer does not provide a basis for removal. Therefore, remand is proper because the complaint, on its face, does not arise under federal law. Moreover, the Ninth Circuit has recently held that there is no private right of action under the Protecting Tenants at Foreclosure Act. See Logan v. U.S. Bank Nat. Ass'n, __ F.3d __, 2013 WL 3614465, at *4-7 (9th Cir. July 16, 2013).

**B.   No Diversity Jurisdiction**

Although Defendants did not base removal on diversity jurisdiction, the Court notes that diversity jurisdiction also does not exist. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." The face of the complaint, which states that the amount demanded in this limited civil case does not exceed $10,000, shows that the jurisdictional minimum

3

has not been met. Therefore, the case was not removable as a diversity action and remand is appropriate.

### C.     Attorney's Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held: "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a sight to remove as a general matter, when the statutory criteria are satisfied."). Unusual circumstances may include: "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." Martin, 546 U.S. at 141 ("When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c).").

Here, although an award of fees and costs would be appropriate because there was no objectively reasonable basis for removal of this purely state law case, Defendants are pro se. See U.S. Bank v. Heath, 2010 WL 1258173, at *2 (D. Ariz. Mar. 26, 2010) ("The Court agrees with Plaintiff that removal of this action was not warranted by fact or law. Given Defendants' pro se status, however, the Court will exercise its discretion and deny the request for fees and costs."). Defendants have applied to proceed in forma pauperis, and by a separate order, the Court has granted those applications and found that Defendants are indigent. Accordingly, the Court recommends exercising discretion to deny an award of fees and costs in this case.

### **Conclusion**

Because the Court lacks jurisdiction over this case, the Court recommends granting Plaintiff's Motion to Remand and denying Plaintiff's request for fees and costs. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after

4

being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: July 17, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge